# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENOS BRENIZER,            )
    Plaintiff,            )    Civil Action No. 14-235Erie
                            )
v.                        )
                            )
EDDIE'S COLLECTIBLES,     )    Magistrate Judge Baxter
    Defendants.           )

## MEMORANDUM OPINION AND ORDER

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on September 2, 2014. Plaintiff, currently incarcerated at the Erie County Prison and acting *pro se*, brought this action. As Defendants to this action, Plaintiff names "Eddie's Collectibles." In his complaint, Plaintiff alleges:

> Eddie's Collectibles did willfully tow my 2004 Chevy pickup truck on February 9th from 17th and Myrtle Streets in Erie.
>
> On March 12th I went to Eddie's Collectibles impound shop on West 18th Street to get my truck and was told by Mr. Huber and Mr. Imler that my truck was not there and they had no knowledge of it being towed. At which time I protested because I could see the truck with my own eyes. They called the police said I had a firearm which you can see from the police report I had no firearm.
>
> The police came and arrested me, even though I didn't resist, the police slammed me face first into the parking lot, because they were told that I had a firearm.
>
> I pray that the court can see just cause for my pursuit of relief!! At numerous times myself and David Chapman (my brother-in-law and power of attorney) called Eddie's Collectibles and McMillen's to try to find my truck, tools, and personal effects. Each time we were told that my truck wasn't there.
>
> At the end of July David Chapman received a letter from Penndot that in 30 days my truck would be considered abandoned and ownership would be given to Eddie's Collectibles.

1

ECF No. 1. As relief, Plaintiff seeks the return of his truck and its contents, as well as monetary compensation due to his alleged pain and suffering.

Plaintiff seeks leave to proceed *in forma pauperis* in this matter. See ECF No. 3.

A. **Standards of Review**

   1) **The Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from governmental officers and employees.

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx 90, 92 (3d Cir. 1990). Therefore, only

after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed.Appx 77, 79 n.2 (3d Cir. 2012) ("As a procedural matte, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim

3

to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a

cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### B. Assessment of Plaintiff's motion for leave to proceed in forma pauperis

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this case. Based upon this averment, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his motion for leave to proceed *in forma pauperis* will be granted.

### C. Assessment of Plaintiff's complaint

In the event Plaintiff is attempting to state a claim under 42 U.S.C. § 1983, he must allege that a state actor or a person acting under color of state law deprived him of his constitutional rights. Generally, anyone whose conduct is "fairly attributable to the state" can be sued as a state actor under § 1983. Filarsky v. Delia, ___ U.S. ___, ___, 132 S.Ct. 1657, 1661 (2012) citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Cirri v. Muroski, ___ F.3d ___, ___, 2013 WL 2897868, at *4 (3d Cir. 2013) quoting Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011). If a defendant did not act under color of state law, then there is no basis for jurisdiction under § 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Plaintiff has not alleged, nor can he allege, that Eddie's Collectibles was a state actor or that its conduct was fairly attributable to the state.

Moreover, liberally construing Plaintiff's allegations as attempting to state a claim of conversion or theft, his claims fail as those claims arise under state law which precludes the exercise of jurisdiction by this Court. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) ("[f]ederal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute."). Generally, Congress has "authorized federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Gunn v. Minton, ___ U.S. ___, ___ 133 S.Ct. 1059, 1064 (2013) citing 28 U.S.C. § 1331.

Accordingly, Plaintiff's complaint will be dismissed as frivolous. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENOS BRENIZER, | ) | |
| Plaintiff, | ) | Civil Action No. 14-235Erie |
| | ) | |
| v. | ) | |
| | ) | |
| EDDIE'S COLLECTIBLES, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 1st day of October, 2014;

IT IS HEREBY ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] be GRANTED.

IT IS FURTHER ORDERED that the Complaint be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act. The Clerk of Courts is hereby directed to close this case and to terminate all pending motions.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge